1  William G. Fig, WSBA 33943
   SUSSMAN SHANK LLP
2  1000 SW Broadway, Suite 1400
   Portland, OR  97205-3089
3  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
4  E-Mail: billf@sussmanshank.com

5  Attorneys for Defendants The Bank of New York Mellon Trust Company, National
   Association, fka The Bank of New York Trust Company, N.A., as Successor to
6  JP Morgan Chase Bank N.A., as Trustee for RAMP 2004RS6; Mortgage
   Electronic Registration Systems, Inc.; and GMAC Mortgage, LLC

7

8

9              IN THE UNITED STATES DISTRICT COURT

10          WESTERN DISTRICT OF WASHINGTON AT TACOMA

11  JAY L. LAMB and SHARI D. HULTBERG,        )   Case No. 3:10-cv-05856 RJB
                                              )
12             Plaintiffs,                    )
                                              )
13      vs.                                   )   DEFENDANTS' RULE 12(b)(6) MOTION
                                              )   TO DISMISS PLAINTIFFS' AMENDED
14  MORTGAGE ELECTRONIC REGISTRATION )          COMPLAINT
    SYSTEMS, INC., CHICAGO TITLE             )
15  COMPANY, LSI DIVISION, THE BANK OF        )   NOTE ON MOTION CALENDAR:
    NEW YORK MELLON TRUST COMPANY,           )   November 18, 2011
16  NATIONAL ASSOCIATION, F/K/A THE BANK )
    OF NEW YORK TRUST COMPANY, N.A. AS        )   ORAL ARGUMENT REQUESTED
17  SUCCESSOR TO JP MORGAN CHASE             )
    BANK N.A., AS TRUSTEE FOR RAMP            )
18  2004RS6, and GMAC MORTGAGE, LLC,         )
                                              )
19             Defendants.                    )
    _____ )
20

21          I.    MOTIONS AND RELIEF REQUESTED

22      Pursuant to *Fed. R. Civ. P.* 12(b)(6), defendant The Bank of New York Mellon

23  Trust Company, National Association, f/k/a The Bank of New York Trust Company,

24  N.A., as Successor to JP Morgan Chase Bank N.A., as Trustee for RAMP 2004RS6

25  ("BONY"); defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and

26  defendant GMAC Mortgage, LLC ("GMACM") (collectively "Defendants") move the court

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  for an Order dismissing plaintiffs' claims against them, with prejudice, based on the

2  grounds that plaintiffs' Amended Complaint fails to state a claim for relief against any of

3  the Defendants and that at least two of plaintiffs' claims are barred by the applicable

4  statute of limitations.

5                    **II.    EVIDENCE RELIED UPON**

6          Defendants' motions are based on the factual allegations set forth in plaintiffs'

7  Complaint filed November 19, 2010, along with the attachments thereto; the allegations

8  in plaintiff's Amended Complaint filed July 21, 2011, along with the attachments thereto;

9  the Declaration of William G. Fig; and documents relating to the property at issue that

10 were recorded with the Kitsap County Auditor's Office.   Defendants request that,

11 pursuant to ER 201(b), the court take judicial notice of documents recorded with the

12 Kitsap County Auditor's Office.

13                    **III.    STATEMENT OF FACTS**

14         Plaintiffs entered into a loan with Plaza Home Mortgage, Inc. in the principal

15 amount of $249,600.00.  The loan was secured by the real property commonly known

16 as 8625 Orchard Avenue Southeast, Port Orchard, Washington (the "Property").  The

17 loan was memorialized by a Note and Deed of Trust.  The Deed of Trust was recorded

18 on April 29, 2004, under Kitsap County Auditor's file No. 200404290235.  A true copy of

19 the Deed of Trust is attached as Exhibit B to plaintiffs' Amended Complaint.  Declaration

20 of William G. Fig ("Fig Decl."), ¶ 2.

21         The Deed of Trust listed Mortgage Electronic Registration Systems, Inc.

22 ("MERS") as the nominee and beneficiary.  Furthermore, the Deed of Trust authorized

23 the Trustee to foreclose upon the Property if the Plaintiffs failed to make payments on

24 their loan.  The Deed of Trust states in pertinent part:

25              MERS is a separate corporation that is acting solely as a
              nominee for Lender and Lender's successors and assigns.
26              MERS is the beneficiary under this Security Instrument.

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1                 * * * *

2              The beneficiary of this Security Instrument is MERS (solely
as nominee for Lender and Lender's successors and
3              assigns) and the successors and assigns of MERS.  This
Security Instrument secures to Lender: (1) repayment of the
4              Loan…  For this purpose, Borrower *irrevocably grants and*
*conveys to Trustee, in trust, with power of sale, the*
5              *[Property].*

6              ****

7              Borrower understands and agrees that MERS holds only
legal title to the interests granted by Borrower in this Security
8              Instrument, but, if necessary to comply with law or custom,
*MERS (as nominee for Lender and Lender's successors and*
9              *assigns) has the right: to exercise any or all of those*
*interests, including, but not limited to, the right to foreclose*
10             *and sell the Property; and to take any action required of*
*Lender[.]*

11

12            On or about March 27, 2009, MERS, acting as beneficiary under the Deed of

13 Trust, appointed Chicago Title Insurance Company, LSI Division, as Successor Trustee.

14 The Appointment of Successor Trustee was recorded on April 1, 2009, under Kitsap

15 County Auditor's file No. 200904010085.  A true copy of the Appointment of Successor

16 Trustee is attached as Exhibit C to plaintiffs' Amended Complaint.  Fig Decl., ¶ 3.

17            Plaintiffs failed to make payments on their loan, and were served with a Notice of

18 Trustee's Sale.  The Notice was recorded on May 7, 2009, under Kitsap County

19 Auditor's file No. 200905070209.  A true copy of the Notice of Sale is attached as

20 Exhibit E to plaintiffs' Amended Complaint.  Fig Decl., ¶ 4.  The Sale was originally

21 scheduled for August 7, 2009, but was ultimately postponed until November 20, 2009.

22 After the Notice of Trustee's Sale was recorded, but prior to the sale itself, the Deed of

23 Trust and the Note were assigned.  Specifically, on October 28, 2009, MERS, acting as

24 nominee for Plaza Home Mortgage, assigned the Deed of Trust and the Note to BONY,

25 as the successor to JPMorgan Chase.  The Assignment was recorded on November 23,

26 2009, under Kitsap County Auditor's file No. 200911230099.  A true copy of the

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 Assignment is attached as Exhibit D to plaintiffs' Amended Complaint.  Fig Decl., ¶ 5.
2 The sale was held on November 20, 2009, and the Trustee's Deed was recorded on
3 December 14, 2009, under Kitsap County Auditor's file No. 20091214055.  A true copy
4 of the Trustee's Deed is attached as Exhibit F to plaintiffs' Amended Complaint.  Fig
5 Decl., ¶ 6.

6 　　　Since the Trustee's Sale was held, Plaintiffs have recorded a number of
7 documents with the Kitsap County Auditor's Office that purport to reflect an ownership
8 interest in the Property pursuant to the Uniform Commercial Code ("UCC").   On
9 November 19, 2010, one year after the Trustee's sale, Plaintiffs filed a lawsuit against
10 defendant BONY in the United States District Court for the Western District of
11 Washington.  The lawsuit was dismissed for failure to state a claim.  On July 21, 2011,
12 plaintiffs filed an Amended Complaint adding three defendants and numerous claims.
13 On the same date, plaintiffs filed an adversary complaint against BONY, raising the
14 same issues in a bankruptcy case they filed with this court, case no. 11-16252-MLB.
15 The adversary action has now been dismissed by the bankruptcy court.

16 　　　　　　　　**IV.　　STATEMENT OF ISSUES**

17 　　　A.　　Does plaintiffs' Amended Complaint fail to state a claim upon which relief
18 can be granted?

19 　　　B.　　Are plaintiffs' claims under the FDCPA and FCRA barred by the
20 applicable statute of limitations in each act?

21 　　　　　　　　**V.　　APPLICABLE LAW**

22 　　　**A.　　Standard on Motion to Dismiss**

23 　　　A motion to dismiss pursuant to 12(b)(6) must be granted if a plaintiff's pleadings
24 fail to state a claim upon which relief can be granted.  For the purpose of the motion to
25 dismiss, all facts stated in the complaint are assumed to be true.  *Geraci v. Homestreet*
26 *Bank*, 347 F.3d 749, 751 (9th Cir. 2003).  The Court is not limited to the matters set

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  forth in the Complaint, but may consider matters which may be judicially noticeable.

2  ER 201.   Included in items that are judicially noticeable in considering a motion to

3  dismiss are matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688

4  (9th Cir. 2001).

5  A complaint is required to set forth "a short and plain statement of the claim

6  showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2).  A court may

7  dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to

8  support the claim that would entitle the plaintiff to relief.  *Keniston v. Roberts*, 717 F.2d

9  1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99,

10  2 L. Ed. 2d 80 (1957)); *Fed. R. Civ. P* 12(b)(6).

11  Moreover, a plaintiff must plead factual allegations with specificity; vague and

12  conclusory allegations of fact fail to state a claim for relief.  *Colburn v. Upper Darby*

13  *Township*, 838 F.2d 663, 666 (3rd Cir. 1988).   While a complaint attacked by a

14  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

15  obligation to provide the grounds of his entitlement to relief requires more than labels

16  and conclusions, and a formulaic recitation of the elements of a cause of action will not

17  do.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969, 167 L. Ed. 2d 929

18  (May 21, 2007) (internal citations omitted).  Factual allegations must be enough to raise

19  a right to relief above the speculative level.  *Id*.  If a claim is not based on a proper legal

20  theory, the claim should be dismissed.  *Keniston v. Roberts*, 717 F.2d at 1300.

21  **VI.   DISCUSSION**

22  Although their Amended Complaint is more intelligible than their original

23  Complaint, plaintiffs' second attempt at crafting a viable cause of action against

24  Defendants still does not pass muster.  The Amended Complaint is impermissibly vague

25  and conclusory and fails, as a matter of law, to state a claim against Defendants upon

26  which relief can be granted.   The "facts" upon which plaintiffs base their claims

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    (paragraphs 11-20 of the Amended Complaint) are not allegations of fact but denials of

2    facts.  Moreover, many of plaintiffs' claims are brought under statutes which do not give

3    a private right of action or are claims that are undeniably time-barred.

4           **A.     First Claim for Relief – Breach of Contract/RESPA**

5           Paragraph 22 of plaintiffs' Amended Complaint appears to allege a claim for

6    breach of contract based on an alleged violation of the Real Estate Settlement

7    Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq*.  The paragraph fails to allege the

8    necessary elements for a breach of contract claim including, among other things,

9    identifying the party with whom plaintiffs had a contract, what contract is at issue, what

10   term or provision of the contract was allegedly breached, how the contract was

11   breached, and by whom.  Moreover, Defendants' alleged failure to comply with RESPA

12   is a separate statutory claim, not the basis for a breach of contract claim.

13          Paragraph 22 also fails to assert a claim under RESPA.  There is absolutely no

14   evidence that plaintiffs made a proper, qualified RESPA request under 12 U.S.C.

15   §2605(e)(1)(B).  Plaintiffs also fail to identify to whom the alleged RESPA request was

16   made, when the request was made, or why any alleged response by defendants was

17   inadequate.  Plaintiffs further fail to identify what party allegedly violated RESPA.

18   RESPA § 2605(e) only applies to loan servicers and, therefore, necessarily cannot

19   apply to all of the defendants.

20          Plaintiffs' First Claim for Relief, set forth in paragraph 22 of their Amended

21   Complaint, fails to state a claim for relief against the Defendants and should be

22   dismissed with prejudice.

23          **B.     Second Claim for Relief – Equitable Estoppel and FDCPA**

24          Paragraph 23 of plaintiffs' Amended Complaint alleges a violation of the Fair

25   Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g(b).  However, plaintiffs do

26   not allege to whom the alleged verification request was made, how it was made, or

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   when the request was made.  The FDCPA applies only to "debt collectors," as defined

2   by the statute, which does not include a trustee, a loan servicer (GMACM), or MERS.

3   15 U.S.C. §1692a(6)(F)(i); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208; *Lai v.*

4   *Quality Loan Serv. Corp.*, No. 10-2308, 2010 WL 3419179, at *2 (CD Cal Aug. 26,

5   2010).  Plaintiffs' claim should be dismissed because it is impermissibly vague and fails

6   to allege the essential legal elements  necessary to constitute a claim for relief.

7        Moreover, a one-year statute of limitations applies to claims under the FDCPA.

8   15 U.S.C. §1692k(d).  The one-year limitation runs from the date of the offending act.

9   *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997).  In this case, the alleged act necessarily

10   must have occurred prior to December 14, 2009, the date the Trustee's Deed was

11   recorded.  Plaintiffs' FDCPA claims are barred by the applicable statute of limitations.

12        Plaintiffs' claims in paragraph 23 of their Amended Complaint are time-barred

13   and fail to state a claim for relief and, therefore, must be dismissed with prejudice.

14       **C.**     **Third Claim for Relief – Fair Credit Reporting Act ("FCRA")**

15        Paragraph 24 of plaintiffs' Amended Complaint alleges a violation of FCRA, 15

16   U.S.C. §1608.  Section §1608 is entitled "Views of Other Agencies."  This statute does

17   not give plaintiffs a private right of action.  Moreover, plaintiffs do not allege which

18   defendant allegedly violated FCRA or what information supposedly was improperly

19   reported in violation of FCRA.  The FCRA only applies to "consumer reports" issued by

20   a "consumer reporting agency," as defined by the statute.   15 U.S.C. §1681(a).

21   Plaintiffs have failed to allege facts showing that any defendant meets the definition of a

22   credit reporting agency.   Plaintiffs' claim should be dismissed because it is

23   impermissibly vague and fails to allege essential legal elements necessary to constitute

24   a claim for relief under FCRA.

25   / / /

26   / / /

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    In addition, 15 U.S.C. § 1640(e) requires a FCRA claim under Subchapter I of the

2    act to be brought "within one year from the date of the occurrence of the violation * * *."

3    Thus, plaintiffs' claim under 15 U.S.C. §1608 is time-barred.

4    Plaintiffs' claims in paragraph 24 of their Amended Complaint are time-barred

5    and fail to state a claim for relief and, therefore, must be dismissed with prejudice.

6    **D.    Claims In Paragraphs 25 Through 28**

7    Paragraph 25 of plaintiffs' Amended Complaint is vague and completely fails to

8    allege any claim for relief against any particular party.  Paragraph 26 cites provisions

9    from the tax code (26 U.S.C. et. seq.) which do not give plaintiffs a private cause of

10   action.  Moreover, this paragraph also fails to allege any cognizable or viable claim for

11   relief against any defendant.  Paragraph 27 cites federal and state securities laws that

12   are inapplicable to plaintiffs' home loan and do not give plaintiffs any private right of

13   action regarding the loan.   As discussed below, there is no requirement under

14   Washington law that defendants must prove "standing" to *non*-judicially foreclose a

15   deed of trust.  The foreclosing trustee must simply comply with the requirements of

16   RCW 61.24, et. seq.[1]  As a result, paragraph 27 also fails to allege any cognizable or

17   viable claim for relief against defendants.

18   Lastly, paragraph 28 appears to be a continuation of plaintiffs' erroneous "the

19   note is a security" claim.  Under Washington law, a promissory note is not a security.  It

20   is a negotiable instrument that may be bought or sold.  *See, generally,* RCW § 62A.3-

21   104.  There is no requirement that a note be endorsed when it is assigned to another

22   party.  A holder in due course has the right to enforce the terms of the note against the

23   borrower(s) identified therein.   RCW § 62A.3-301(i); *See Maynard v. Eng.*, 13 Wn. App.

24   961, 973 (1975).  In fact, a holder of the note may be entitled to enforce the note even

25   though the holder is not the owner of the note.    RCW 62A.3-301.    As with

26

---

[1] At the time the Notice of Sale was recorded, May 7, 2009, the requirement of RCW 61.24.030(7) was not in effect.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    paragraphs 25 through 27, paragraph 28 does not allege any cognizable or viable claim

2    for relief against Defendants.

3           Plaintiffs' claims in paragraphs 25 through 28 of their Amended Complaint fail to

4    state a claim for relief against Defendants and, therefore, must be dismissed with

5    prejudice.

6    **D.    Plaintiffs' Standing/MERS/Transfer of the Note Claims**

7           Paragraphs 28 through 33 of plaintiffs' Amended Complaint appear to be a re-

8    purposing of their standing/show-me-the-note/MERS claims raised in their first

9    Complaint, which were defeated via BONY's Motion to Dismiss.  The claims in these

10   paragraphs seem to primarily center on alleged violations of the Washington Deed of

11   Trust Act, RCW 61.24 et. seq.

12          The documents recorded with the Kitsap County Auditor's Office conclusively

13   show that the requirements under RCW 61.24 for a non-judicial foreclosure were met in

14   this instance.   As required by statute, an appointment of Successor Trustee was

15   properly and timely recorded, the Successor Trustee timely and properly recorded a

16   Notice of Sale and served it on plaintiffs, plaintiffs failed to cure the default, the sheriff's

17   sale was properly and timely held, and plaintiffs' property was sold by the trustee.

18          RCW 61.24 does not require, and in order to non-judicially foreclose, Defendants

19   are under no obligation to prove, every assignment or transfer of a note secured by the

20   deed of trust, nor are they obligated to produce the original note.  *Freeston v. Bishop,*

21   *White & Marshall, P.S.,* 2010 WL 1186276 (W.D. Wash., 2010) (dismissing the plaintiff's

22   claim because a so-called "show me the note" argument lacks merit); *see also Wallis v.*

23   *Indymac Fed.*, 2010 WL 2342530 (W.D. Wa.), and *Vawter v. Quality Loan Svc. Corp. of*

24   *Wash.*, 707 F. Supp. 2d 1115 (W.D. Wash. 2010).

25          Plaintiffs' claim that MERS' involvement somehow invalidated the non-judicial

26   foreclosure process, or the validity of the documents recorded relating thereto, is a

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 9

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  battle that has already been fought and lost by plaintiffs.  As previously briefed by

2  BONY in its Motion to Dismiss (pages 13-15)[2], under Washington law, MERS is a

3  proper beneficiary of a deed of trust under RCW 61.24 that may transfer its rights under

4  the deed of trust.  *Vawter*, 707 F. Supp. 2d at 1125; *Moon v. GMAC Mortgage Corp*.,

5  2008 WL 4741492, at *5 (W.D. Wash. 2008).  By signing the deed of trust designating

6  MERS as the beneficiary, plaintiffs granted MERS this status.    *Daddabbo v.*

7  *Countrywide Home Loans, Inc*., 2010 WL 2102485, at *5 (W.D. Wash. May 20, 2010).

8  Moreover, it is not a violation of RCW 61.24 to sell a note and/or assign a deed of

9  trust while a foreclosure action is pending.  The identity of the beneficiary of the deed of

10  trust is not relevant to, nor does it affect, the trustee's power to foreclose.  Any

11  interaction a borrower may have regarding the non-judicial foreclosure (*i.e.* to cure the

12  default) is with the trustee, not the beneficiary.  Thus, it is the foreclosing trustee that

13  owes a duty to borrower regarding a non-judicial foreclosure.

14  Plaintiffs can point to no specific violation of RCW 61.24 because there was

15  none.  Paragraphs 28 through 33 of plaintiffs' Amended Complaint are devoid of any

16  allegation regarding a *specific* violation of RCW 61.24, nor do they list the required

17  elements of the alleged claim identified at the beginning of each paragraph.  As a result,

18  these paragraphs fail to state a claim for relief against Defendants.  Also, plaintiffs'

19  prayer for relief §(d) seeks relief under the "Washington Consumer Protection Act,

20  Usury Statute, TILA * * *".  Defendants could not identify any allegations in plaintiffs'

21  Amended Complaint regarding these statutes.

22  Defendants respectfully request that the claims against them in Paragraphs 28

23  through 33 of plaintiffs' Amended Complaint and any claims against them under the

24  "Washington Consumer Protection Act, Usury Statute, TILA" be dismissed with

25  prejudice.

26

_____

[2] Defendants incorporate by reference section F of BONY's prior Motion to Dismiss.

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 10

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    **E.    Claim for Injunctive Relief**

2    Paragraph 34 of plaintiffs' Amended Complaint seeks injunctive relief against

3    defendants under RCW 61.24.130 – Restraint of Sale by Trustee.   This claim fails

4    because it is moot – the property has already been sold by the trustee.    Moreover, the

5    claim also fails because plaintiffs have not shown *any* violation of RCW 61.24, et. seq.,

6    never mind a "material violation."    Plaintiffs have also failed to comply with the

7    requirements of RCW 61.24.130(2) to seek such relief.

8    Lastly, plaintiffs cannot seek equitable relief as they have not held up their end of

9    the bargain.   Plaintiffs have not made any payment on their loan since 2009 and,

10   therefore, have been living in the house for free for over two years.  One must do equity

11   to receive equity.

12   For the aforementioned reasons, plaintiffs' claim for an injunction should be

13   dismissed with prejudice.

14                              **CONCLUSION**

15   The court graciously allowed plaintiffs to re-plead their claims to assert a viable

16   claim.   As prognosticated in BONY's Reply Brief regarding its Motion to Dismiss,

17   plaintiffs' Amended Complaint fails to state a claim for any cognizable or viable cause of

18   action against Defendants.  As a result, pursuant to *Fed. R. Civ. P.* 12(b)(6), the court

19   must enter an Order dismissing plaintiffs' Amended Complaint.  Because plaintiffs have

20   twice failed to allege a viable cause of action against Defendants, their claims should be

21

22

23

24

25

26

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 11

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  dismissed with prejudice, and Defendants should be awarded their costs and attorney

2  fees incurred herein.

3          Dated this 14th day of October, 2011.

4                        SUSSMAN SHANK LLP

5

6                  By    */s/ William G. Fig*
                     William G. Fig, WSBA 33943

7                       billf@sussmanshank.com
                     Attorneys for Defendants The Bank of New York

8                       MellonTrust Company, National Association, fka The
                     Bank of New York Trust Company, N.A., as

9                       Successor to JP Morgan Chase Bank N.A., as
                     Trustee for RAMP 2004RS6; Mortgage Electronic

10                     Registration Systems, Inc.; and GMAC Mortgage,
                     LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 12

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1

<u>CERTIFICATE OF SERVICE</u>

2

THE UNDERSIGNED certifies:

3

1.      My name is Karen D. Muir.  I am a citizen of Washington County, state of

4

Oregon, over the age of eighteen (18) years and not a party to this action.

5

2.      On October 14, 2011, I caused to be delivered via **first-class U.S. Mail,**

6

**postage prepaid**, a copy of: **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

7

**PLAINTIFFS' AMENDED COMPLAINT**, to the interested parties of record, addressed

8

as follows:

9

10

Jay L Lamb
P.O. Box 163
Olalla, WA 98359

11

12

Shari D Hultberg
P.O. Box 163
Olalla, WA 98359

13

14

15

16

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct

17

to the best of my knowledge, information, and belief.

18

_____*/s/ Karen D. Muir*_____

19

Karen D. Muir, Legal Assistant

20

21

F:\CLIENTS\20809\016\PLEADINGS\MOTION TO DISMISS\P- MOTION TO DISMISS AMEND COMPLAINT 2.DOC

22

23

24

25

26

DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - Page 13

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130