UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY L. LAMB and SHARI D. HULTBERG,<br><br>                    Plaintiff,<br><br>    v.<br><br>MORTGAGE ELCTRONIC REGISTRATION SYSTEMS, INC., CHICAGO TITLE COMPANY, LSI DIVISION, THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, and GMAC MORTGAGE, LLC,<br><br>                    Defendants. | CASE NO. C10-5856RJB<br><br>ORDER ON DEFENDANTS BANK OF NEW YORK, MERS, AND GMAC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT |

      This matter comes before the court on Defendants' Bank of New York Mellon Trust Company, National Association /f/k/a The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank N.A., as Trustee for RAMP 2004RS6 (Bank of New York); Mortgage Electronic Registration Systems, Inc. (MERS); and GMAC Mortgage, LLC (GMAC)

ORDER ON DEFENDANTS BANK OF NEW
YORK, MERS, AND GMAC'S MOTION TO
DISMISS PLAINTIFFS' AMENDED
COMPLAINT- 1

| | |
|---|---|
| 1 | Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint. Dkt. 44. The court has |
| 2 | reviewed the relevant documents and the remainder of the file herein. |

## AMENDED COMPLAINT

On July 21, 2011, plaintiffs filed an Amended Verified Complaint. Dkt. 30. The amended complaint alleges the following claims for relief: (1) breach of contract, apparently for defendants' failure to answer a qualified written request, as is required by the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e); (2) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., for failing to verify the alleged debt and for failing to offer to validate the debt; (3) violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1608, for erroneously reporting the alleged debt/obligation on plaintiffs' credit reports; (4) foreclosure of an incorrect Note; (5) wrongful foreclosure for failure to file a tax return and statement showing that plaintiffs' property was acquired as part of an asset pool; (6) lack of standing to foreclose because the Note at issue is a non-negotiable security; (7) failure to comply with the Washington Deed of Trust Act (DTA), RCW 61.24, because the Deed of Trust was assigned to The Bank of New York twenty-three days before the Trustee's sale occurred; (8) slander of title, based upon defendants' recording of the Notice of Trustee's Sale; (9) negligence for recording the Notice of Trustee's Sale; (10) declaratory relief, on the basis that the Mortgage Electronic Registration System (MERS) could not serve as a beneficiary of the Note; and (11) injunctive relief for material violation of the DTA. Dkt. 30, at 5-10.

## MOTION TO DISMISS

On October 14, 2011, defendants the Bank of New York, MERS, and GMAC filed a motion to dismiss plaintiffs' amended complaint. Dkt. 44. These defendants contend that the

ORDER ON DEFENDANTS BANK OF NEW
YORK, MERS, AND GMAC'S MOTION TO
DISMISS PLAINTIFFS' AMENDED
COMPLAINT- 2

amended complaint fails to state a claim, and that the claims under the FDCPA and FCRA are barred by the statutes of limitations.

Chicago Title Company, LSI Division, has appeared in this action, but has not filed a motion to dismiss and has not joined in the pending motion to dismiss. Dkt. 43.

On November 10, 2011, plaintiffs filed a response to the motion to dismiss, arguing that because an Acknowledgement of the Statutory Warranty Deed was never recorded, plaintiffs lacked the capacity to encumber the property, and therefore, the Deed of Trust is invalid; and that, because the Deed of Trust is invalid, defendants are subject to the FDCPA, and violated the FDCPA by refusing to validate the debt. Dkt. 47. Plaintiffs also maintain that the claims they allege under the DTA are nearly identical to a pending case in the Washington Supreme Court, *Alblice v. Dickenson*.

On November 17, 2011, the Bank of New York, MERS and GMAC filed a reply, contending that the 'Certificate of Grantee Acknowledgement' was of plaintiff's own creation, and was recorded in November of 2001; and that plaintiff's arguments in their response about standing under the FDCPA do not apply to these defendants and are, in any event, time barred. Dkt. 48. These defendants also maintain that Mr. Lamb made claims similar to the ones he raises here in his bankruptcy action, U.S. District Court of Washington Case no. 11-16252; and that the bankruptcy court dismissed the case and barred Mr. Lamb from re-filing bankruptcy for one year. Dkt. 48.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be

granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

On a motion to dismiss, the court may consider documents relied on in a complaint without converting the motion to one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim;

ORDER ON DEFENDANTS BANK OF NEW YORK, MERS, AND GMAC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT- 4

and (3) no party questions the authenticity of the copy attached to the Fed.R.Civ.P. 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Even if the plaintiff's complaint does not explicitly refer to documents, if plaintiffs predicate their claims on those documents, defendants may rely on them). Further, pursuant to Fed. R. Evid. 201, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). In addition, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426-27 (3rd Cir. 1999)). A court may not, however, take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. 201(b).

The court has considered the documents plaintiffs attached to their amended complaint, including a copy of the Deed of Trust, the Appointment of Successor Trustee, the Notice of Trustee's Sale, the assignment of the Deed of Trust by MERS, and the Trustee's Deed recorded after the foreclosure sale. Dkt. 30, at 17-48. These documents were attached to plaintiffs' amended complaint, and are properly considered in connection with this motion to dismiss. The court has also considered an October 5, 2011 *Ex Parte* Order Dismissing Case and Barring Debtor from Re-filing Bankruptcy for 1 Year; this document, filed in connection with the reply, is a matter of public record. Dkt. 48-1.

ORDER ON DEFENDANTS BANK OF NEW YORK, MERS, AND GMAC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT- 5

# RELEVANT FACTS

Plaintiffs entered into a loan with Plaza Home Mortgage, Inc. in the principal amount of $249,600.00. Dkt. 30, at 17, 43. The loan was secured by real property commonly known as 8625 Orchard Avenue Southeast, Port Orchard, Washington (the Property). The loan was memorialized by a Note and Deed of Trust. Dkt. 30, at 17-36. The Deed of Trust was recorded on April 29, 2004, under Kitsap County Auditor's file No. 200404290235. Dkt. 30, at 17. The Deed of Trust listed MERS as the nominee for the lender and the beneficiary under the Deed of Trust. Dkt. 30, at 18.

The Deed of Trust contains the following provision:

> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, [the Property].

Dkt. 30, at 19.

The Deed of Trust further provided as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]

Dkt. 30, at 19.

On March 27, 2009, MERS, acting as beneficiary under the Deed of Trust, appointed Chicago Title Insurance Company, LSI Division, as Successor Trustee. Dkt. 30, at 38. The Appointment of Successor Trustee was recorded on April 1, 2009, under Kitsap County Auditor's file No. 200904010085. Dkt. 30, at 38.

A Notice of Trustee's Sale was recorded on May 7, 2009, under Kitsap County Auditor's file No. 200905070209. Dkt. 30, at 42. The Notice of Trustee's Sale stated that payments were in arrears (four payments totaling $5,586.72). Dkt. 30, at 43. Notice of the Default was transmitted to plaintiffs. Dkt. 30, at 43.

On October 28, 2009, after the Notice of Trustee's Sale was recorded, but before the Trustee's Sale occurred, MERS, acting as nominee for Plaza Home Mortgage, assigned the Deed of Trust and the Note to Bank of New York, as the successor to JPMorgan Chase. The Assignment was recorded on November 23, 2009, under Kitsap County Auditor's file No. 200911230099. Dkt. 30, at 40.

The sale was held on November 20, 2009, and the Trustee's Deed was recorded on December 14, 2009, under Kitsap County Auditor's file No. 20091214055. Dkt. 30, at 47-58

On November 19, 2010, Plaintiffs filed this lawsuit against the Bank of New York. On July 21, 2011, plaintiffs filed an Amended Complaint adding three defendants and numerous claims. On the same date, plaintiffs filed an adversary complaint against Bank of New York, raising the same issues in a bankruptcy case they filed with this court, case no. 11-16252-MLB. The adversary action has now been dismissed by the bankruptcy court.

## DISCUSSION

**1. RESPA/Breach of Contract**

Plaintiffs make a claim for breach of contract, apparently for defendants' failure to answer a qualified written request, as is required by RESPA.

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback for real estate settlement services, 12 U.S.C. $ 2607(d); (2) requiring a

buyer to use a title insurer selected by the seller, l2 U.S.C. 2608(b); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, l2 U.S.C. § 2605. *See Glover v. Fremont Inv. & Loan*, 2009 WL 51 14001 (N.D. Cal. 2009). In this case, plaintiffs contend that defendants failed to respond to a qualified written request.

Pursuant to § 2605(i), "`servicing' means receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower. 12 U.S.C. § 2605(e)(1). It also either includes a statement describing why the borrower believes that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Id.* The loan servicer is required to respond by making appropriate corrections to the borrower's account, if necessary, and, after conducting an investigation, providing the borrower with a written clarification or explanation. 12 U.S.C. § 2605(e)(2).

In their response to the motion to dismiss, plaintiffs did not address the RESPA claim. They appear to have abandoned the claim. Nonetheless, plaintiffs have not alleged facts that would support a claim for breach of contract, based upon these defendants' alleged failure to respond to a qualified written request. The claim should be dismissed.

**2. FDCPA**

Plaintiffs contend that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., for failing to verify the alleged debt and failing to offer to validate the debt.

1       The FDCPA applies to "debt collectors." 15 U.S.C. § 1692a(6). FDCPA's definition of
debt collector does not include the consumer's creditors, a mortgage servicing company, or any
assignee of the debt. *See Lai v. American Home Servicing, Inc.*, 680 F.Supp. 2d 1218, 1224
(E.D. Cal. 2020)(*quoting Perry v. Stewart Title Co.*, 756 F.2d 1197 , 1208 (5th Cir. 1985). *See
also Cuddeback v. Land Home Financial Services*, 2011 WL 903881, at *1-*2 (W.D. Wash.
2011)(if plaintiff can show that loan servicers began servicing the loan after the default occurred,
loan servicers would be debt collectors under 15 U.S.C. 1692(a)). In this case, plaintiffs have
made no allegations sufficient to show that that Bank of New York or MERS was a servicer
within the meaning of the FDCPA. There is some indication in the record that GMAC was the
mortgage servicer (Dkt. 1-1, at 12) but there are no factual allegations that would support a claim
that GMAC was a debt collector under the FDCPA.

      In their response to the motion to dismiss, plaintiffs advance a convoluted argument,
contending that, because an Acknowledgement of the Deed of Trust was not recorded,
defendants are subject to FDCPA. The Deed of Trust was recorded in Kitsap County on April
29, 2004. The recording of the Deed of Trust complies with a prerequisite to a Trustee's Sale
under the DTA. See RCW 61.24.030(5). The DTA does not include a provision requiring
recording of an Acknowledgement of the Deed of Trust. This argument is frivolous.

      Further, a one year statute of limitations applies to claims under the FDCPA. 15 U.S.C. §
1692k(d). The one year limitation runs from the date of the offending act. *Naas v. Stolman*, 130
F.3d 892 (9th Cir. 1997). In this case, the alleged act must have occurred prior to December 14,
2009, the date the Trustee's Deed was recorded, after the Trustee's Sale. This case was filed July
21, 2011, beyond the one year statute of limitations.

ORDER ON DEFENDANTS BANK OF NEW
YORK, MERS, AND GMAC'S MOTION TO
DISMISS PLAINTIFFS' AMENDED
COMPLAINT- 9

Plaintiffs' claims based upon the FDCPA should be dismissed as without merit, and as barred by the statute of limitations.

**3. FCRA**

Plaintiffs claim that defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1608, for erroneously reporting the alleged debt/obligation on plaintiffs' credit reports.

Section 1608 is entitled "Views of Other Agencies." This statute does not afford individuals a private right of action. Further, plaintiffs do not allege which defendant allegedly violated the FCRA or what information was improperly reported in violation of FCRA.

The FCRA applies to "consumer reports" issued by a "consumer reporting agency", as defined by statute. 15 U.S.C. §1681(a). Plaintiffs did not respond to this issue in their response; they appear to have abandoned the claim. In any event, plaintiffs have failed to allege facts showing that Bank of New York, MERS, or GMAC defendants meet the definition of a credit reporting agency.

Plaintiffs' cause of action for violation of the FCRA fails to state a claim and should be dismissed.

**4. Other Claims**

The other claims plaintiffs make in the amended complaint relate to assignment of interest in the Deed of Trust, the role of MERS in the process, securitization of the Note, and unlawful foreclosure based upon these alleged deficiencies.

MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the "beneficial interest" in home loans, as well as any changes in loan servicers. *Cervantes v. Countrywide Home Loans ,Inc.*, 2011 WL 3911031, *1 (9th Cir. September 7, 2011). After a borrower takes out a home loan, the original lender may sell all or a portion of its

beneficial interest in the loan and change loan servicers. *Id.* The owner of the beneficial interest, the Lender, is entitled to repayment of the loan. *Id.* The servicer of the loan collects payments from the borrower, sends payments to the lender, and handles administrative aspects of the loan. *Id.*

The claims plaintiffs make regarding the role of MERS is similar to other claims that have been rejected in past cases brought in this district. *See, e.g. Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash. May 20, 2010); *Vawter v. Quality Loan Service Corp. Of Washington*, 707 F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010). Further, since the securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the Note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail. *See Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, 2010 WL 4788209, at *4 (D.Utah Nov. 16, 2010) (*quoting Larota–Florez v. Goldman Sachs Mortgage Co.,* 719 F.Supp.2d 636, 642 (E.D.Va.2010).

Finally, plaintiffs' claim regarding MERS is without merit because they cannot establish that they were misinformed about the MERS system, relied on any misinformation in entering into the home loan, or were injured as a result of the misinformation. *See Cervantes v. Countrywide Home Loans, Inc.*, 2011 WL 3911031. In fact, the provisions in the Deed of Trust, which plaintiffs signed, specifically provided MERS with the rights to foreclose and to sell the property, and to transfer interests under the Deed of Trust.

These causes of action fail to state a claim and should be dismissed.

**5. Dismissal**

Plaintiffs have been afforded an opportunity to file an amended complaint, and they did so. The claims they bring appear to be frivolous and without merit. The complaint should be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 44) is **GRANTED**. The claims against defendants the Bank of New York Mellon Trust Company, National Association/ f/k/a The Bank of New York Trust Company, N.A., as Successor to JP Morgan Chase Bank N.A., as Trustee for RAMP 2004RS6 (Bank of New York); Mortgage Electronic Registration Systems, Inc. (MERS); and GMAC Mortgage, LLC (GMAC) are **DISMISSED WITH PREJUDICE**. The claims against Chicago Title Company, LSI Division, may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of November, 2011.

ROBERT J. BRYAN
United States District Judge