1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

| | |
|---|---|
| JAY L. LAMB and SHARI D. HULTBERG, | CASE NO. C10-5856 RJB |
| Plaintiffs, | ORDER GRANTING CHICAGO TITLE INSURANCE COMPANY, LSI DIVISION'S MOTION TO DISMISS |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHICAGO TITLE INSURANCE COMPANY, LSI DIVISION; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., *F/K/A* THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK N.A., AS TRUSTEE FOR RAMP 2004RSS6; and GMAC MORTGAGE, LLC, | |
| Defendants. | |

21

22

        This matter comes before the Court on Defendant Chicago Title Insurance Company, LSI

Division's motion for an order dismissing Plaintiffs' amended verified complaint for failure to

23

24

1   state a claim.  Dkt. 50.  The Plaintiffs have not filed a response.  The Court has considered the

2   motion and the record herein.

3         On November 18, 2011, this Court dismissed Plaintiffs' claims against Defendants

4   Bank of New York Mellon Trust Company, National Association/ f/k/a Bank of New York

5   Trust Company, N.A., as Successor to JP Morgan Chase Bank N.A., as Trustee for RAMP

6   2004RS6 (Bank of New York); Mortgage Electronic Registration Systems, Inc. (MERS); and

7   GMAC Mortgage, LLC (GMAC).  Dkt. 49.  Plaintiffs' claims were held to be frivolous and

8   without merit.  *Id.*  The remaining Defendant, Chicago Title Company, LSI Division, now moves

9   for similar relief.  Plaintiffs have failed to respond.

10        On July 21, 2011, Plaintiffs filed an Amended Verified Complaint.  Dkt. 30.  The

11  amended complaint alleges the following claims for relief: (1) breach of contract, apparently for

12  Defendants' failure to answer a qualified written request, as is required by the Real Estate

13  Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e); (2) violation of the Fair Debt

14  Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., for failing to verify the alleged

15  debt and for failing to offer to validate the debt; (3) violation of the Fair Credit Reporting Act

16  (FCRA), 15 U.S.C. § 1608, for erroneously reporting the alleged debt/obligation on Plaintiffs'

17  credit reports; (4) foreclosure of an incorrect Note; (5) wrongful foreclosure for failure to file a

18  tax return and statement showing that Plaintiffs' property was acquired as part of an asset pool;

19  (6) lack of standing to foreclose because the Note at issue is a non-negotiable security; (7) failure

20  to comply with the Washington Deed of Trust Act (DTA), RCW 61.24, because the Deed of

21  Trust was assigned to The Bank of New York twenty-three days before the Trustee's sale

22  occurred; (8) slander of title, based upon Defendants' recording of the Notice of Trustee's Sale;

23  (9) negligence for recording the Notice of Trustee's Sale; (10) declaratory relief, on the basis that

24

1   the Mortgage Electronic Registration System (MERS) could not serve as a beneficiary of the

2   Note; and (11) injunctive relief for material violation of the DTA. Dkt. 30, at 5-10.

3   In this Court's previous Order (Dkt. 49), each of these claims were addressed and found

4   to be without merit.  Further, none of these claims are specifically addressed to the conduct of

5   Chicago Title Company.

6   Chicago Title Company was the trustee in the nonjudicial foreclosure of the subject real

7   property.  As noted in the previous Order, Chicago Title Company was appointed successor

8   trustee by an appointment document recorded on April 1, 2009 under Kitsap County Auditor's

9   File Number ("AFN") 200904010085.  Dkt. 49 pp. 6.  On May 7, 2009, Chicago Title Company

10  recorded the notice of trustee's sale under AFN 200905070209.  Dkt. 49 pp. 7.  Chicago Title

11  Company conducted the November 20, 2009 trustee's sale and recorded the resulting trustee's

12  deed on December 14, 2009 under AFN 20091214055.  *Id.*

13  As detailed in the Court's previous Order, the conduct of Chicago Title Company does

14  not support a claim of liability under any of the asserted causes of action.  See Dkt. 49 pp. 7-12.

15  Accordingly, it is hereby **ORDERED**:

16  Defendant Chicago Title Insurance Company, LSI Division's Motion to Dismiss

17  (Dkt. 50) is **GRANTED**.  The claims against Defendant Chicago Title Insurance Company, LSI

18  Division are **DISMISSED WITH PREJUDICE**.  There remaining no further claims, the action

19  is **DISMISSED** in its entirety.  The Order to Show Cause (Dkt. 53) is **STRICKEN** as **MOOT**.

20  Dated this 3rd day of January, 2012.

21

22

23      ROBERT J. BRYAN
        United States District Judge

24

ORDER GRANTING CHICAGO TITLE
INSURANCE COMPANY, LSI DIVISION'S
MOTION TO DISMISS- 3